```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
SMART STUDY CO.,                     :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :     20-cv-7889 (JSR)
                                     :
B+BABY STORE, ET AL.,                :
                                     :
          Defendants.                :
------------------------------------ x

------------------------------------ x
SMART STUDY CO.,                     :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :     20-cv-7890 (JSR)
                                     :
BICHHA123, ET AL.,                   :
                                     :
          Defendants.                :
------------------------------------ x
```

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

Now before the Court is the third motion for damages filed by defendant The Primrose Lane LLC ("Primrose"), ECF No. 49.[1] Upon consideration of all three rounds of briefing, see ECF Nos. 6, 28-29, 40-45, 49-51, and the full record, Primrose's motion is denied.

---

[1] All ECF citations refer to Smart Study v. Bichha123, Dkt No. 20-cv-7890 (JSR), unless otherwise stated.

## PROCEDURAL HISTORY

On September 24, 2020, plaintiff Smart Study Co. filed its complaints in these actions and moved for temporary restraining orders ("TROs"); this Court granted the motions the same day, issued TROs, required plaintiff to post security bonds, and issued orders to show cause why the TROs should not be converted into preliminary injunctions. On October 2, 2020, the Court consolidated the cases and held a hearing on the orders to show cause. Primrose appeared through counsel at the hearing, and on October 7, 2020, Primrose moved to vacate the TRO as to Primrose and to recover damages against the security bond. The next day, plaintiff filed a notice of voluntary dismissal as to Primrose.

Primrose's motion to vacate the TRO and for damages did not cite legal authority, nor did it offer sufficient evidence to support a specific quantum of damages. Nevertheless, the Court authorized Primrose to move, with competent evidence, to recover against the security bond pursuant to Federal Rule of Civil Procedure 65(c). On December 7, 2020, following that second round of briefing, the Court issued an Opinion and Order finding that Primrose had been wrongfully enjoined and awarding to Primrose $5,400 in damages. Opinion and Order, ECF No. 48. The damages reflected lost sales, labor, and attorney's fees for advice rendered in connection with Primrose's compliance with the TRO. The damages did not reflect attorney's fees for litigation (*i.e.*,

appearing at the hearing, moving to vacate the TRO, moving for damages), which cannot be recovered under Rule 65(c). See id. at 10 (citing Nokia Corp. v. InterDigital, Inc., 645 F.3d 553, 560 (2d Cir. 2011).

More than three months later, on March 25, 2021, Primrose sought leave to file the instant motion for additional attorney's fees under the Lanham Act, 15 U.S.C. § 1117(a). Unlike Rule 65, the Lanham Act permits recovery of attorney's fees incurred in litigating the case.

ANALYSIS

The statute provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Id. The Court addresses three questions in turn. First, is Primrose's motion barred for untimeliness? Second, is Primrose a "prevailing party"? Finally, has Primrose demonstrated that this is an "exceptional" case?

I. Timeliness

Plaintiff argues that Primrose's motion is untimely because a motion for attorney's fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Plaintiff maintains that its voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), as against Primrose, constituted a "judgment," so Primrose's time to file the motion expired 14 days thereafter. This case thus

presents the question whether a notice of voluntary dismissal as to fewer than all defendants is a "judgment" triggering the dismissed defendants' 14-day deadline to seek attorney's fees. This appears to be a question of first impression in this Circuit, but it is not a particularly difficult one: such a notice is not a judgment and does not trigger the 14-day clock.

A judgment "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). A notice of voluntary dismissal under Rule 41(a)(1)(A)(i) is not a "decree"; rather, it is a notice filed by the plaintiff. See generally U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc., 775 F.3d 128, 134 (2d Cir. 2014) (describing Rule 41(a)(1) and its "one free dismissal"). A notice of voluntary dismissal is also not an "order from which an appeal lies." Rabbi Jacob Joseph Sch. v. Province of Mendoza, 425 F.3d 207, 210 (2d Cir. 2005) (explaining that a voluntary dismissal without prejudice does not trigger an appeal right because "a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal") (cleaned up). Therefore, a notice of voluntary dismissal is not a "judgment" and does not trigger the 14-day clock in Rule 54(d)(2)(B)(i).

This result is consistent with "Congress's reasons for its 1993 addition to Rule 54(d)(2)(B) (the fourteen-day deadline)," namely "(1) to provide notice of the fee motion to the non-movant

before the time to appeal expires; (2) to encourage a prompt ruling on fees to facilitate a consolidated appeal on both the merits and the attorneys' fee issue; and (3) to resolve fee disputes efficiently . . . ." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 227 (2d Cir. 2004) (internal quotation marks and citation omitted). The first two of these reasons do not apply to notices of voluntary dismissal, which trigger no appeal rights, and the third is adequately addressed by the Court's inherent power to consider the timeliness of a motion for attorney's fees when determining whether to grant it.

For these reasons, the 14-day deadline does not apply, and the Court has authority to consider Primrose's motion. Cf. Weyant v. Okst, 198 F.3d 311, 314 (2d Cir. 1999) ("Prior to 1993, [when Rule 54 was amended to add the 14-day deadline,] there was no specific deadline for making an application for attorneys' fees.").[2]

II. "Prevailing Party"

Neither party addresses whether Primrose is a "prevailing party," a statutory prerequisite to the award of attorney's fees under the Lanham Act. In the context of a different fee-shifting

---

[2] Even if the dismissal against Primrose had been with prejudice, the 14-day deadline likely would not have been triggered until the clerk entered judgment. See D.S.P.T. Int'l, Inc. v. Nahum, No. CV06-0308 ODW AJWX, 2008 WL 754803, at *1 (C.D. Cal. Mar. 17, 2008) (14-day clock began upon entry of judgment, not upon grant of motion for summary judgment).

statute, the Supreme Court held that "a 'prevailing party' is one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res., 532 U.S. 598, 603 (2001). The difficulty with this standard is that "[b]y requiring a 'judicial imprimatur' of victory, [it] disproportionally favors plaintiffs. Since their victories entail a judicial pronouncement, plaintiffs receive attorney's fee awards whenever they succeed under Buckhannon, whereas defendants are often left to shoulder the costs of even successful litigation." Nathan Nash, Solange Hilfinger-Pardo & James Mandilk, The Tarnished Golden Rule: The Corrosive Effect of Federal Prevailing-Party Standards on State Reciprocal-Fee Statutes, 127 Yale L.J. 1068, 1091 (2018) (footnote omitted). Here, for example, Primrose plainly succeeded in this litigation when the plaintiff withdrew its complaint. If the Buckhannon standard applied, however, that dismissal would not be enough to merit a fee award no matter how exceptional the case because the notice of voluntary dismissal was not a form of "relief by the court." Because the Buckhannon standard thus fails to compensate victorious defendants, the Court declines to extend it to the Lanham Act.

In any event, even if Buckhannon did apply, Primrose would be a "prevailing party" on the unique facts of this case because the Court awarded damages to Primrose under Rule 65.

III. "Exceptional" Case

Finally, the Court turns to the central inquiry under the Lanham Act: whether this is an "exceptional" case.

> [A]n "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). The Supreme Court has explained that "there is no precise rule or formula" for determining whether a case is exceptional; rather, the statute calls for the exercise of "equitable discretion." Id.

Here, the Court finds that Primrose has not demonstrated exceptional circumstances warranting attorney's fees. First, plaintiff's litigation conduct weighs against a finding that the case is exceptional; although plaintiff sought an injunction against Primrose that the Court found improper, plaintiff voluntarily withdrew the action before such a finding -- indeed, within one day of Primrose moving to vacate the TRO.

Moreover, "the need . . . to advance considerations of compensation and deterrence," see id. n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)), is not strongly implicated here. Primrose was able to recover against the security

bond, largely compensating it for its losses and deterring plaintiff from filing insufficiently researched complaints in future cases.[3]

Finally, Primrose's substantial delay in filing this motion weighs heavily against it. Cf. White v. New Hampshire Dep't of Emp. Sec., 455 U.S. 445, 454-55 (1982) (construing a different statute, prior to the adoption of the 14-day deadline, and finding that district courts' "discretion will support a denial of fees in cases in which a postjudgment motion unfairly surprises or

---

[3] Primrose's co-owner submitted an affidavit averring that Primrose has not been adequately compensated because it incurred upwards of $25,000 in legal fees litigating this case. ECF No. 49-3, at 2. This figure, for which Primrose offers no supporting documentation, appears extravagant. To be sure, Primrose expended effort to secure plaintiff's voluntary withdrawal, appearing through counsel at the short telephonic order-to-show-cause hearing and then, five days later, filing a seven-page motion to vacate the TRO, plus exhibits. ECF No. 6. The motion was undoubtedly effective in securing relief for Primrose, but it focused on the facts, citing no legal authority. It seems doubtful that preparing the motion would reasonably have involved tens of thousands of dollars in legal fees.

After plaintiff filed its notice of voluntary dismissal, all subsequent motion practice by Primrose has related solely to Primrose's requests for fees. Many briefs have been filed, but it was Primrose who chose this piecemeal approach. Indeed, if Primrose had its druthers, even this third round of briefing would not be the last. Primrose has declined to seek a specific quantum of attorney's fees under the Lanham Act, instead indicating that the Court should permit a fourth round of briefing and/or a hearing on that topic. Complying with the TRO cost Primrose about $5,400. Litigating the case should not have costed five times as much. Because such exorbitant attorney's fees are more attributable to inefficient litigation strategies by Primrose and its counsel than to plaintiff's conduct, considerations of compensation and deterrence do not favor an additional fee award.

prejudices the affected party"). Although Primrose did not need to file its motion within two weeks after the notice of voluntary dismissal, it chose to wait twenty-four weeks, an exceptional, unwarranted delay. Indeed, there was no valid reason for Primrose not to include its request for attorney's fees under the Lanham Act together with its request to recover against the security bond. Given the procedural history of this case, the Court cannot help but suspect that Primrose, emboldened by the Court's prior fee award but dissatisfied with its size, views this motion as a second bite at the apple. None of that makes this case exceptional.

For the foregoing reasons, Primrose's motion for additional attorney's fees, ECF No. 49, is denied.

Separately, the Court notes that none of the remaining defendants in these consolidated actions have timely responded to the complaints, yet, following the issuance of a preliminary injunction last October, plaintiff has taken no further action. If plaintiff wishes to move for default judgment, it should seek issuance of certificates of default from the Clerk and then call Chambers, pursuant to this Court's Individual Rules, to schedule briefing on a motion for default judgment. If plaintiff does not seek certificates of default or otherwise advance these actions by June 1, 2021, the Court will dismiss them with prejudice for failure to prosecute.

SO ORDERED.

Dated:  New York, NY
        May 18, 2021

_____
JED S. RAKOFF, U.S.D.J.